## THOMPSON
### v.
### S. C. ELECTRIC & GAS CO.
#### Civ. A. No. 3965.

United States District Court
E. D. South Carolina
Columbia Division.
June 26, 1954.

N. Heyward Clarkson, Jr., Columbia, S. C., for plaintiff.

Cooper & Gary, Columbia, S. C. for defendant.

WYCHE, District Judge.

This is an action for damages for alleged wrongful death by drowning of plaintiff's intestate in the waters of Lake Murray, an artificial hydro-electric lake created by erection of defendant's dam across the waters of the Saluda River in South Carolina. The deceased was wading in the water at a point adjacent to a small recreation area or park owned by defendant along the shores of the lake. The complaint alleges that the deceased stepped into a hole or depression which defendant knowingly permitted to exist in the bottom of the lake, and as to which defendant had given neither warning nor protection, although it knew that the public using the park would probably go into the water.

The defendant denied that it had control of the waters of the lake which were navigable waters, or that its invitation to use the park extended to use of the waters of the lake; and alleged the contributory negligence of plaintiff's intestate.

█ It is settled that the waters of Lake Murray are navigable waters of the United States, and defendant's use and control thereof extends only to the uses provided by its licenses to use the impounded waters at its power plant below the dam for the production of electric energy. If plaintiff's intestate had lost his life at any point other than adjacent to the park maintained by defendant, I should have no hesitancy in holding that the defendant is not liable.

█ Under the evidence produced by plaintiff, however, it is not necessary to decide what duties, if any, defendant owed to the public which uses the recreation park as a point to enter the water for wading or swimming. The testimony adduced by the plaintiff shows that the deceased in this case clearly was guilty of negligence which proximately caused his death. He was a capable, intelligent, young man of 26 years, with no physical defects. He had an excellent war record and was earning a good income in the insurance business. Yet, knowing he could not swim, he was wading into an immense lake in hilly country, with a slippery clay bottom, obscured by the sediment so that he could not see the bottom, and where no swimming

**314**

facilities were provided. Under these circumstances he was clearly guilty of contributory negligence which caused his death and plaintiff cannot recover.

It is therefore ordered that defendant's motion to dismiss under Fed.Rules Civ.Proc. rule 41(b), 28 U.S.C.A., made at the close of plaintiff's evidence, upon the ground that upon the facts and the law the plaintiff has shown no right to relief, is hereby granted, and the action is dismissed, with prejudice.